| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 15-200 |
| MARTHA QUINONES | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court is a *Motion to Reduce Sentence* **(Rec. Doc. 381)** filed by Defendant, Martha Quinones ("Defendant"), and an opposition (Rec. Doc. 383) filed by the Government. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## DISCUSSION

On July 7, 2016, Defendant plead guilty to Count 1 of a superseding indictment, which included a mandatory minimum sentence of ten years' imprisonment. (Rec. Docs. 169-71). On October 13, 2016, the Court sentenced Defendant to 120 months' imprisonment, the mandatory minimum sentence. (Rec. Doc. 218). On November 18, 2019, Defendant filed the present motion for a sentence reduction. Specifically, Defendant's motion requests that the Government file a Rule 35(b) motion on her behalf. (Rec. Doc. 381).

Rule 35 of the Federal Rules of Criminal Procedure allows the Government to petition the Court to impose a sentence below the mandatory minimum if the defendant has rendered substantial assistance to the Government in the

investigation or prosecution of another individual. Fed. R. Crim. P. 35. Defendant asserts in her motion that she provided substantial assistance to the Government, and thus is entitled to have a Rule 35(b) motion filed on her behalf.

Defendant's argument is flawed, however, because "the government is under no obligation to file a Rule 35(b) [motion], despite whatever substantial assistance the defendant might give." *United States v. Grant*, 493 F.3d 464, 467 (5th. Cir. 2007) (citation omitted). Furthermore, the Government's refusal to file a Rule 35(b) motion is unreviewable "unless that refusal is based on an unconstitutional motive such as race or religion, or the government has bargained away its discretion." *Id.* (citations and quotations omitted).

Here, Defendant has alleged no unconstitutional motive, and the plea agreement entered into by the Government and Defendant states "[t]he United States may, but shall not be required to, make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law." (Rec. Doc. 169 at 4). Thus, the language of the plea agreement makes clear that the Government has not bargained away its Rule 35(b) discretion. Because Defendant cannot show the Government's failure to file a Rule35(b) motion was "based on an unconstitutional motive or was a breach of an explicit promise," the Court must deny Defendant's Motion to Reduce Sentence. *Grant*, 493 F. 3d at 467.

The sole remaining question is whether Defendant's motion, although not styled as such, should be characterized as a Section 2255 Motion to Vacate. *See Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th. Cir. 2011) (holding that it is the substance of a *pro se* pleading, not the label attached to it, that determines the true nature of the filing). Characterizing a *pro se* Defendant's motion as a Section 2255 motion can carry severe consequences, as any subsequent 2255 motion would be subject to the restrictions on successive habeas petitions. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Because of the aforementioned harsh consequences, a district court wishing to recharacterize a defendant's motion as a Section 2255 habeas petition must warn the defendant of its intention to treat the motion as such and provide the defendant an opportunity to withdraw or amend the filing. *Id.*

In the present case, the Court finds it is not appropriate to reclassify Defendant's motion as a Section 2255 motion. Defendant is not asking the Court to "vacate, set aside, or correct [her] sentence." 28 U.S.C. § 2255(a). Rather, Defendant is merely asking "the United States Attorney's Office to petition the Court for a sentence reduction." (Rec. Doc. 381 at 2). Although Defendant's request is not actionable for the reasons stated above, neither is Defendant's request properly characterized as an initial Section 2255 motion. *See U.S. v. Grant*, No. C-00-114(1), 2007 WL 3283682 at *1 (S.D. Tex. Nov. 6. 2007) (denying Defendant's motion to reduce sentence without treating said motion as a Section 2255 habeas petition). Thus, there is no need for Plaintiff to amend or withdraw her motion.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that *Defendant's Motion to Reduce Sentence*
**(Rec. Doc. 381)** is **DENIED**.

New Orleans, Louisiana, this 28th day of January, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE