UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       15-200

MARTHA QUINONES                              SECTION: "J"


## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 407)** filed by Defendant Martha Quinones, and an opposition (Rec. Doc. 409) filed by the Government. Having considered the motion and legal memorandum, the record, and the applicable law, the Court finds that the motion should be denied.


## FACTS AND PROCEDURAL BACKGROUND

On July 7, 2016, Quinones pleaded guilty to a conspiracy to distribute one kilogram or more of heroin, as charged under 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. (Rec. Doc. 202, at 7). On October 13, 2016, the Court sentenced Quinones to the mandatory minimum sentence of 120 months. (Rec. Doc. 218). She is presently serving her sentence at FCI Aliceville in Alabama, with an anticipated release date of February 11, 2024, although she will be eligible for home detention on August 11, 2023. (Rec. Doc. 407-1, at 29). Quinones has an immigration detainer, so she will be delivered to the custody of Immigration and Customs Enforcement upon her release. (*Id.* at 14).

1

Quinones filed the instant motion seeking compassionate release based upon her alleged medical conditions, including high blood pressure (hypertension), an overactive bladder, depression, anxiety, and obesity, that, she contends, places her at an increased risk for severe illness from COVID-19. (*Id.* at 8).

## **LEGAL STANDARD**

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.* Courts have held that the defendant bears the burden of demonstrating that he has exhausted his administrative remedies. *United States v. Metz*, No. 92-cr-00469, 2020 WL 2838593, at *2 (E.D. La. June 1, 2020).

Once a defendant has exhausted her administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This

reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* Section 3582(c)(1)(A)(i)'s use of extraordinary and compelling captures the truly exceptional cases that fall within no other statutory category and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287-88 (4th Cir. 2020). The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting her release. *See United States v. Washington*, No. CR 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020).

## <u>DISCUSSION</u>

First, the Government agrees that Quinones has exhausted her administrative requirements for seeking compassionate release. (Rec. Doc. 409, at 5). On April 25, 2022, Quinones sent a message to the "RIS Coordinator" at the BOP, alleging that her medical conditions warranted compassionate release. (Rec. Doc. 407-1, at 16). After thirty (30) days passed without a response, Quinones filed the instant motion for compassionate release with the Court on May 31, 2022. Despite Quinones filing the request with the "RIS Coordinator" and not the warden, the Government is willing to afford "liberal construction to the defendant's claim." (Rec. Doc. 409, at 6). "[T]he Government is willing to agree that the defendant has complied with the administrative exhaustion requirement of 18 U.S.C. §3582(c)(1)(A), and that more than 30 days elapsed between the request and the motion." (*Id.*).

Accordingly, the Court will now turn to the merits of Quinones's motion. Quinones argues that she presents extraordinary and compelling reasons to grant

her compassionate release because the combination of her hypertension, depression, anxiety, overactive bladder, and obesity place her at an increased risk for illness from COVID-19. (Rec. Doc. 407-1, at 9–10). In opposition, the Government contends these commonplace maladies are not extraordinary and compelling when, as here, she has failed to show that her ability to prove self-care in her correctional facility has substantially diminished because of these conditions. (Rec. Doc. 409, at 11).

"Congress has not defined what constitutes 'extraordinary and compelling reasons' for a sentence reduction[.]" *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021). The Sentencing Commission, though, provided four categories of extraordinary and compelling reasons in the commentary to its only corresponding policy statement: (A) medical conditions; (B) age; (C) family circumstances; and (D) other reasons as determined by the Director for the BOP. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (A)-(D) (U.S. SENT'G COMM'N 2021). However, the policy statement governs only motions filed by the BOP Director. *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). "[N]either the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *Id.* at 393. Nonetheless, the commentary to § 1B1.13 "informs [a court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

The instructive guideline policy statement treats an "extraordinary and compelling" reason as "a serious physical or medical condition . . . that substantially

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (A)(ii) (U.S. SENT'G COMM'N 2021).

Quinones argues that courts have granted compassionate release to inmates with health issues that increase the risk of severe illness from COVID-19, finding that the inmates presented extraordinary and compelling reasons for such. (Rec. Doc. 407-1, at 9). Notably, however, all of the cases cited by Quinones are from early 2020, when COVID-19 was still a novel disease without a vaccine. More recently, courts within the Fifth Circuit have found that commonplace maladies such as hypertension, anxiety, depression, and obesity are not extraordinary and compelling. *See United States v. Cabrera*, No. 09-317, 2022 WL 93614, at *3 (E.D. La. Jan. 10, 2022) (finding, *inter alia*, obesity and hypertension are insufficient alone to qualify as extraordinary and compelling and that the defendant failed to provide evidence that his medical conditions "impact his ability to provide self-care within the prison"); *see also United States v. Mondragon*, No. 18-132, 2021 WL 951797, at *4 (E.D. Tex. Mar. 12, 2021) ("According to the CDC, 42.5% of the adult population in the United States is obese, 73.6% is overweight, and nearly half has hypertension. In addition, the CDC reports that 34.2 million people in the United States, approximately 10.5% of the population, have diabetes."); *United States v. Alfaro*, No. 12-252, 2021 WL 2806322, at *5 (E.D. Tex. July 4, 2021) ("Due to their prevalence, obesity, diabetes,

hypertension, and hyperlipidemia cannot be deemed 'extraordinary' in order to merit compassionate release.").

Even more recently, the Fifth Circuit affirmed the district court's denial of a motion for compassionate release by a defendant who had hypertension and obesity because they were "apparently controlled through medication," and he had not experienced heart problems since his heart attack in 2014. *United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022). "Our court has held hypertension and other conditions that are 'managed effectively by medication' and do not 'substantially diminish the ability of the defendant to provide self-care', are not extraordinary and compelling reasons warranting compassionate release . . . ." *United States v. Love*, 853 F. App'x 986, 987 (5th Cir. 2021) (internal citation omitted).

Here, Quinones's medical conditions are commonplace maladies from which many people suffer. Additionally, per her 2020 BOP medical records, she receives medication for her hypertension and depression (Rec. Doc. 407-1, at 25–26), and she does not contend that her maladies are uncontrolled or render her unable to provide self-care. Besides the need to sleep on a lower bunk for specific health diagnoses, she is ambulatory, has no physical limitations, and is cleared for food service with no restrictions. (*Id.* at 28). Therefore, she has not presented extraordinary and compelling reasons for compassionate release.

## <u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Martha Quinones's *Motion for Compassionate Release* **(Rec. Doc. 407)** is **DENIED.**

New Orleans, Louisiana, this 5th day of August, 2022.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE